IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMINGTON HOSPITALITY, LLC, | : | CIVIL ACTION |
| JOSEPH CAPANO, INC., | | |
| HODEV, INC., | | |
| JOSEPH CAPANO and | | |
| ALBERT VIETRI | : | NO. 02-3228 |
|     Plaintiffs | | |
| | | |
| VS. | : | |
| | | |
| ARCHITECTURAL ALLIANCE, INC., | | |
| DESIGN COLLABORATIVE INC., AND | | |
| LANDMARK ENGINEERING, INC. | : | |
|     Defendants | | |

**ORDER**

**AND NOW,** it is hereby ORDERED and DECREED that Plaintiff's Motion for Remand and Abstention is granted and this matter shall be remanded to the Delaware County Court of Common Pleas under the caption <u>Wilmington Hospitality, LLC, Joseph Capano, Inc., Hodev, Inc., Joseph Capano and Albert Vietri v. Architectural Alliance, Inc., Design Collaborative, Inc., and Landmark Engineering, Inc</u>., No. 02-05646.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMINGTON HOSPITALITY, LLC, | : | CIVIL ACTION |
| JOSEPH CAPANO, INC., | | |
| HODEV, INC., | | |
| JOSEPH CAPANO and | | |
| ALBERT VIETRI | : | NO. 02-3228 |
|     Plaintiffs | | |
| | | |
| VS. | : | |
| | | |
| ARCHITECTURAL ALLIANCE, INC., | | |
| DESIGN COLLABORATIVE INC., AND | | |
| LANDMARK ENGINEERING, INC. | : | |
|     Defendants | | |

### PLAINTIFFS' MOTION FOR REMAND AND ABSTENTION

TO THE HONORABLE JUDGES OF THE EASTERN DISTRICT OF PA:

    Plaintiffs Wilmington Hospitality, LLC, Joseph Capano, Inc., Hodev, Inc., Joseph Capano and Albert Vietri, by their attorney Francis E. Baldo, Jr., Esquire, hereby move this Honorable Court to remand the above captioned matter to the Delaware County Court of Common Pleas. In support whereof, the Plaintiffs respectfully aver as follows:

    1.    On June 29, 2001, Plaintiff Wilmington Hospitality, LLC filed for bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code. That matter is presently pending before the Honorable Diane Sigmund, Bankruptcy Judge for the Eastern District of Pennsylvania at No. 01-19401 DWS.

    2.    On January 29, 2002, Albert Ciardi, III, Esquire, bankruptcy counsel for Debtor, Wilmington Hospitality, LLC, filed a Petition with the Bankruptcy Court for appointment of Francis E. Baldo, Esquire, as special counsel, seeking permission to prosecute a civil action on behalf of Wilmington Hospitality against the design professionals involved in the design and

construction of a Radisson Hotel located in Christiana, Delaware. A copy of said Petition is attached as Exhibit "A".

3. On March 25, 2002, the Honorable Diane Sigmund granted said Petition. A copy of the Order is attached as Exhibit "B".

4. On May 3, 2002, a civil action was filed pursuant to Praecipe and Writ of Summons in the Delaware County Court of Common Pleas at No. 02-5646 on behalf of Debtor, Wilmington Hospitality, LLC and other interested parties against the design professionals involved in the Radisson project.

5. Service was accomplished on Defendant, Landmark Engineering Inc. by the Sheriff of Delaware County on May 20, 2002. Service on Defendants, Design Collaborative, Inc. and Architectural Alliance, Inc. was accomplished by Acknowledgment of Service on behalf of their respective counsel.

6. On May 24, 2002, Defendant Architectural Alliance filed a Notice of Removal with this Court. On June 3, 2002, the Notice of Removal was filed in the Delaware County Court of Common Pleas.

7. The sole basis alleged for removal is that Plaintiff, Wilmington Hospitality, LLC is a debtor in a Chapter 11 bankruptcy pending in the Eastern District.

8. This removal is premature because there is no "initial pleading setting forth the claim for relief" as required by 28 U.S.C.S. §1446 (b)(2002). Since a Complaint has not yet been filed in the Delaware County action, the record is bare with regard to the specific allegations and nature of the claims, making it impossible for this Court to make the necessary determination as to whether the state court claims are "related to" the bankruptcy, as required by 28 U.S.C.S. §1334(b) (2002).

9.    Should the Court decide that removal was not premature under 28 U.S.C.S.§1452 (2002), Plaintiffs contend that the Court should abstain from accepting jurisdiction of this matter pursuant to the mandatory abstention provisions of 28 U.S.C.S. §1334 (c)(2)(2002), and should remand to the Delaware County Court of Common Pleas.

10.    Plaintiffs further contend that permissive abstention and remand is also appropriate pursuant to 28 U.S.C.S. §1334(c)(1) (2002).

12.    Plaintiff further contends that remand of this matter is also appropriate on equitable grounds, as permitted under 28 U.S.C.S. §1452(b) (2002).

13.    Defendant has not met its burden of showing that removal is appropriate under 28 U.S.C.S. §1452 (2002).

    Respectfully submitted,

    Yannacone & Baldo

    _____
    FRANCIS E. BALDO, JR., ESQUIRE
    Attorney I.D. No. 37306
    The Office Court at Pennell Place
    1215 W. Baltimore Pike, Suite 2
    Media, PA 19063
    (610) 565-9500
    Attorney for Plaintiffs

Dated: June 21, 2002