IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMINGTON HOSPITALITY, LLC, | : | CIVIL ACTION |
| JOSEPH CAPANO, INC., | | |
| HODEV, INC., | | |
| JOSEPH CAPANO and | | |
| ALBERT VIETRI | : | NO. 02-3228 |
|     Plaintiffs | | |
| | | |
| VS. | : | |
| | | |
| ARCHITECTURAL ALLIANCE, INC., | | |
| DESIGN COLLABORATIVE INC., AND | | |
| LANDMARK ENGINEERING, INC. | : | |
|     Defendants | | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
FOR REMAND AND ABSTENTION**

**I**   **PROCEDURAL HISTORY**

On June 29, 2001, Plaintiff Wilmington Hospitality, LLC filed for bankruptcy protection pursuant to Title 11 of the United States Bankruptcy Code. That matter is presently pending before the Honorable Diane Sigmund, Bankruptcy Judge for the Eastern District of Pennsylvania at No. 01-19401DWS.

Albert Ciardi, III, Esquire, bankruptcy counsel for Debtor, Wilmington Hospitality, LLC, filed a Petition for appointment of Francis E. Baldo, Esquire, as special counsel seeking permission to prosecute a civil action on behalf of Wilmington Hospitality against the design professionals involved in the design and construction of a Radisson Hotel located in Christiana, Delaware. On March 25, 2002, the Honorable Diane Sigmund granted said Petition.

On May 3, 2002, a civil action was filed pursuant to Praecipe and Writ of Summons in the Delaware County Court of Common Pleas at No. 02-5646 on behalf of Debtor, Wilmington

Hospitality, LLC and other interested parties against the design professionals involved in the Radisson project.

Service was accomplished on Defendant, Landmark Engineering Inc. on May 20, 2002. Service on Defendant, Design Collaborative, Inc. and Architectural Alliance, Inc. was accomplished by Acknowledgment of Service on behalf of their respective counsel.

On May 24, 2002, Defendant Architectural Alliance, Inc. filed a Notice of Removal to this Court. On June 3, 2002, the Notice of Removal was also filed in the Delaware County Court of Common Pleas.

The sole basis alleged for removal is that Plaintiff, Wilmington Hospitality, LLC is a debtor in a Chapter 11 bankruptcy pending in the Eastern District.

## II    REMOVAL IS UNTIMELY BECAUSE PLAINTIFF HAS YET TO FILE A COMPLAINT

The burden of establishing federal jurisdiction rests with the Defendant seeking removal. See <u>Dukes v. U.S. Health Care Inc.</u>, 57 F. 3d 350, 359 (3d Cir. 1995). Plaintiff submits that Defendant's Notice of Removal and the pleadings in the state court action do not give this Court a basis upon which it can determine that removal is appropriate.

28 U.S.C.S. §1446(b) sets forth the procedure for removal:

> (b) the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading <u>setting forth the claim for relief</u> upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such <u>initial pleading</u> has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (emphasis supplied)

Under §1446, the triggering event for removal is the filing of an initial pleading "setting forth the claim for relief." Such a pleading has not yet been filed in the instant case. As noted

2

below, the parties may be generally aware of the nature of the claims which will be asserted in this matter, but a pleading formally asserting them has not yet been filed.

The defendant premised removal on 28 U.S.C.S. §1452, which allows removal if the District Court has jurisdiction under 28 U.S.C.S. §1334(b). §1334(b) confers upon the District Court "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." Neither the Writ of Summons filed in State Court nor the Notice of Removal itself provides any factual basis upon which this Court can determine whether these claims "arise under Title 11" or are "related to" the bankruptcy of Wilmington Hospitality LLC. Furthermore, the Notice of Removal is silent as to how Plaintiffs' claims would impact the administration of the bankrupt estate.

In <u>Artie's Inc. v. Concept Systems, Inc.</u>, 1992 U.S. Dist. LEXIS 12320 (E.D.Pa. 1992), the Court was presented with the same factual scenario as the instant case. Suit was started by Writ of Summons in state court. Defendant removed the case pursuant to §1452. The Court concluded that it was "unable to determine whether this action satisfies the requirements of the 'related to' test … for the simple reason that Plaintiff has yet to file or serve a Complaint." <u>Arties, Inc.</u> at *3. The case was remanded to state court.

**III    MANDATORY ABSTENTION PURSUANT TO 28 U.S.C.S. 1334( c)(2)**

Without waiving Plaintiffs' argument set forth above in Section II, Plaintiffs suggest that even if this Court should find that this matter is ripe for removal, it should abstain from accepting jurisdiction and should remand to the State Court. Removal does not guarantee adjudication by the District Court, as jurisdiction under §§1334 and 1452 is not exclusive.

As noted in <u>McCormick v. Kochar</u>, 1999 U.S. Dist. LEXIS 17833 (E.D. Pa. 1999), "three methods exist in the Federal Rules of Civil Procedure for a federal court to decline to exercise

3

jurisdiction over actions properly removed under the grant of jurisdiction of §1334(b)." McCormick, supra, at *3.

The first method, pursuant to §1334(c)(1), provides for discretionary abstention, in the interest of comity and respect for state law.  Secondly, §1334(c)(2) provides for mandatory abstention if the action is deemed to be "outside the removal jurisdiction granted to the federal courts by congress".  The third provision allowing abstention is §1452(b), which allows remand of "such claim or cause of action on any equitable ground."  Plaintiff will address these three separate bases, beginning with mandatory abstention.

Mandatory abstention pursuant to 28 U.S.C.S. §1334(c)(2) (2000) is appropriate when the following requirements are met:

    (1)  a timely motion is made;

    (2)  the proceeding is based upon a state law claim or a state law cause of action;

    (3)  the proceeding is related to a case under Title 11;

    (4)  the proceeding does not arise under Title 11;

    (5)  the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C.S. §1334; and

    (6)  an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

In re: Warren, 125 B.R. 128 (E.D. Pa. 1991); In re: Pacor, Inc. 72 B.R. 927 (E.D. Pa. 1987), aff'd, 86 B.R. 808 (E.D. Pa. 1987).

These six factors are satisfied in the instant case, as will be discussed seriatim:

1. **<u>A Timely Motion</u>**

Plaintiffs' Motion for Remand and Abstention was timely filed within thirty (30) days after removal, as required by 28 U.S.C.S. §1447(c).

2. **<u>State Law Cause of Action</u>**

Plaintiffs' putative claims for relief in this matter include breach of contract and negligence in the design, planning and construction of the Radisson Hotel, in Christiana, Delaware resulting in financial losses to the Plaintiffs, including the debtor, in the approximate amount of Twenty Million ($20,000,000.00) Dollars.  We also anticipate choice of law issues which may result in the application of substantive Delaware state law.  However, none of the claims arise under federal law.

These tort claims arose prior to Plaintiff's Chapter 11 filing.  Of the three Defendants, Architectural Alliance, Inc. is a Pennsylvania Corporation, Landmark Engineering Inc. is a Delaware Corporation with a principal place of business in Pennsylvania and Design Collaborative, Inc., is a Delaware Corporation with continuous and systematic contacts with Pennsylvania.

3. **<u>The Proceeding is Related to a Case Under Title 11</u>**

To determine whether a civil proceeding is "related to" a bankruptcy case, the Third Circuit Court of Appeals has stated that the court must determine whether the outcome of the claim "could conceivably have any effect on the estate being administered in bankruptcy." <u>In re: Marcus Hook Development Park, Inc.</u>, 943 F. 2d 261, 264 (3d Cir. 1991); <u>Pacor, Inc. v. Higgins</u>, 743 F. 2d 984, 994 (3d Cir. 1984), <u>overruled on other grounds by Things Remembered Inc. v. Petrar</u>, 516 U.S. 124, 134-35 (1995) (Stevens, J. concurring).

Under this standard, the instant case is "related to a case under Title 11," because, if successful, it could have an impact on the assets of Wilmington Hospitality.  See, Grace Community Inc. v. KPMG Peat Marwick, LLP, 262 B.R. 525, 2001 Bankr. LEXIS 572 (2001), and Shubert v. Roche Holding AG, 157 F. Supp. 2d 542 (E.D. PA. 2001) (holding that state law tort claims are "related to" Plaintiffs' bankruptcy because a "possible monetary recovery" could impact the administration of the bankruptcy.)

4. **The Proceeding Does Not Arise Under Title 11**

The negligence and breach of contract claims in this matter do not arise out of Title 11, i.e. they are not "core proceedings".  The Third Circuit has provided guidance on how to determine whether a matter is a "core proceeding" :

> To determine whether a proceeding is a "core proceeding", courts of this circuit must consult two sources.  First, a court must consult [28 U.S.C] §157(b).  Although §157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." ….  Second, the court must apply this court's test for a "core" proceeding.  Under that test, "a proceeding is core if it invokes a substantive right provided by Title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case."

Halper v. Halper, 164 F. 3d 830, 836 (3d Cir. 1999) (citations omitted).

"Related to" cases are non-core proceedings.  See Halper v. Halper, 104 F. 3d 830, 837 (3rd Cir. 1999)

Plaintiffs' putative state court claims do not fall under any of the "core" matters enumerated in §157(b).  Secondly, these state law negligence and breach of contract claims are not based upon any substantive right provided in the bankruptcy code and exist independently of the bankruptcy case.

5. **Sole Basis of Federal Jurisdiction is 28 U.S.C.S. §1334**

This matter could not have been commenced in federal court on any basis other than the pending bankruptcy of Wilmington Hospitality, LLC. The substantive claims do not involve any federal claim or implicate any federal right which would allow for original jurisdiction in the Eastern District, nor is there diversity of citizenship. Plaintiffs are citizens of the State of Delaware and Defendant, Design Collaborative Inc. is also a citizen of Delaware.

**6.     Timely Adjudication in State Court**

This matter has been filed in the Delaware County Court of Common Pleas. Pursuant to Local Rule 241 (attached as Exhibit "C"), all civil actions in Delaware County are automatically certified as ready for trial one year after the action is commenced. At the expiration of the year, the matter is referred to a Judge for trial on an individual calendar basis. Although this time frame is admittedly somewhat longer than that permitted for discovery under the Standard Management Track in the Eastern District, it should be noted that the removing Defendant selected the Special Management Track for this case on the Case Management Track Designation Form attached as Appendix C to the Notice of Removal. Plaintiffs suggest that this designation correctly reflects that this is a complex case which will require more than the average amount of time to explore all of the legal and factual issues, whether the case is in federal or state court.

In Grace Community Inc. v. KPMG Peat Marwick, LLP, 262 B.R. 525, 2001 Bankr. LEXIS 572 (Bankr. E.D. Pa. 2001), the bankruptcy court for the Eastern District of Pennsylvania held that mandatory abstention was appropriate in a case which is factually similar to the instant case. In Grace Community, the Plaintiff debtor filed suit in state court under common law theories of breach of contract, negligence and breach of fiduciary duty. There was no diversity of citizenship. The case was removed pursuant to §1452 and referred to the bankruptcy judge for

7

disposition. Following an analysis of the six factors for mandatory abstention, the Court concluded that they were all satisfied and remanded the matter to state court.

A similar result was reached in Shubert v. Roche Holding, AG, 157 F. Supp. 2d 542 (E.D. Pa. 2001). In Shubert, a personal injury suit was filed by plaintiffs, trustees of estates in bankruptcy, relating to ingestion by one of the debtors of an anti-malarial drug. Defendants removed the case based on §1452. The Court granted the plaintiff's motion to remand to the Philadelphia Court of Common Pleas. In doing so, the Court reasoned that "while the State claims meet the broad 'related to' test, when a district court is faced with nondiverse claims which raise only state law questions, the flags of caution are raised." Shubert, supra, at *9. The Court also found that since the defendant did not consent to final order or judgment by the bankruptcy judge and because a jury trial had been demanded, referral to the bankruptcy court for trial would not be appropriate. Accordingly, the Court concluded that "from an efficiency standpoint", it seemed to make little difference which court heard the claims. Shubert, supra, at **12.

Since all of the factors for mandatory abstention are satisfied, Plaintiffs request that this matter be remanded to state court.[1]

**IV    DISCRETIONARY ABSTENTION PURSUANT TO §1334(c)(1)**

Courts in the Eastern District have repeatedly held that when most but not all of the requirements for mandatory abstention are met, strong consideration should be given to the exercise of discretionary abstention under §1334(c)(1). See In re: Warren, 125 B.R. 128, 132

---

[1] Although §1334(c) does not specifically authorize the court to "remand" a matter, prior decisions have held that where grounds for mandatory or discretionary abstention are present, remand is proper under §1452(b). See Computer Wear Inc. v. Micro Design Inc., 120 BR 363, 366 (E.D. Pa. 1990); In re: Joshua Slocum, 109 BR 101, 105 (E.D. Pa. 1989) and Asousa Partnership v. Pinnacle Foods Inc., 264 BR 376, 2001 Bankr. LEXIS 876 (E.D. Pa. 2001).

(E.D. PA. 1991); <u>Asousa Partnership</u>, <u>supra</u>, at *37; <u>In re: Joshua Slocum</u>, <u>supra,</u> at 107; <u>Federal National Mortgage Association v. Rockafellow</u>, 115 B.R. 498, 502 (Bankr. E.D. Pa. 1990) and <u>UIU Health and Welfare Fund v. Levit</u>, 69 B.R. 831, 834 (Bankr. E.D. Pa. 1987).

In determining whether to exercise discretionary abstention, the court should consider the following factors:

1. The presence in the proceeding of non-debtor parties;

2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficulty or unsettled nature of the applicable law;

4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. The jurisdictional basis, if any, other than 28 U.S.C.S. §1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than the form of the asserted "core" proceeding;

8. The feasibility of severing state law claims from "core" bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The effect or lack thereof on the efficient administration of the estate in bankruptcy if the court recommends abstention;

10. The existence of a right to a jury trial;

11. The burden on the bankruptcy court's docket; and

12. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.

9

In re: Chicago, Milwaukee, St. Paul & Pacific Railroad Company, 6 F. 3d 1184, 1189 (7th Cir. 1993); In re: Asousa Partnership, supra, at *38-39.

The application of these twelve factors to the instant case suggest that they weigh heavily in favor of permissive abstention:

### 1. Non-Debtor Parties

There are non-debtor parties who are both Plaintiffs and Defendants in the instant matter. The presence of non-debtor parties weighs in favor of abstention.

### 2. Predomination of State Law Issues

The resolution of this case will not involve the application of bankruptcy law, save for the possible application of 11 U.S.C.A. §108(a) as it relates to the tolling of the statute of limitations. The state court is certainly capable of applying this section should this issue arise. The rest of the issues which will arise in this case involve either Delaware or Pennsylvania law regarding breach of contract and professional negligence. Predominance of state law issues weighs in favor of remand. See Rota v. Swindler, 1991 U.S. Dist. LEXIS 1352 (E.D. Pa. 1991).

### 3. Difficulty or Unsettled Nature of Applicable Law

The issues which will be raised in this case involve choice of law, professional malpractice and breach of contract. Cases involving these issues are routinely adjudicated in the state courts of this Commonwealth. Therefore, this factor weighs in favor of abstention.

### 4. Related Proceeding in State Court

There is no other state court proceeding related to the tort and breach of contract claims of Plaintiffs, other than the Delaware County case which was removed.

### 5. Jurisdictional Basis Other Than 28 U.S.C.S. §1334

The only jurisdictional basis in federal court is §1334, as there is not complete diversity among the parties and no federal question is implicated by the substantive claims. This factor weighs in favor of abstention.

### 6. Relationship Between the Proceeding and the Main Bankruptcy Case

As discussed above, this is not a "core" proceeding. This claim is only "related" to the bankruptcy case to the extent that any recovery on behalf of the debtor would increase the bankruptcy estate. This factor weighs in favor of abstention.

### 7. The Substance of an Asserted "Core" Proceeding

It its Notice of Removal, Defendant Architectural Alliance Inc. does not assert that this matter is a "core" proceeding. Plaintiff submits that this is not a "core" proceeding, as discussed above. Consequently, this factor weighs in favor of abstention.

### 8. Severability of State Law Claims From Core Bankruptcy Matters

Since there are no "core" bankruptcy matters, the question of severability is moot.

### 9. Efficient Administration of the Estate if Remanded

As discussed in Section II above, remanding this matter to state court will not have a negative impact on the efficient administration of the bankrupt estate.

### 10. The Right to a Jury Trial

Plaintiffs demand a jury trial in the state court action. (See, the Delaware County Civil Cover Sheet attached to Defendant's Notice of Removal.) In light of the fact that Plaintiffs are entitled to a jury trial, this matter would in all likelihood be tried in the district court as opposed to the bankruptcy court, since there is no indication that the removing Defendant would consent to a jury trial in bankruptcy court. In Computer Ware Inc. v. Micro Design, supra, at 368, the Court stated:

> If the matter must be heard in a forum other than this bankruptcy court, it makes little practical difference what forum hears it, and we may as well send it back to the state court as serve as a stepping-stone for a proceeding to find its way to district court.

### 11. The Burden on the Bankruptcy Court's Docket

This factor should be given little weight in this situation because it is unlikely that this matter will be tried in the bankruptcy court.

### 12. Likelihood of Forum Shopping

The refusal of the removing party to consent to final order or judgment of the Bankruptcy Court may be viewed as an indicia of forum shopping. In re: J & J Towne Pharmacy, Inc., No. 99-17560 DWS (Bankr. E.D. Pa. 2000). In the instant case, the Notice of Removal is silent as to such consent. Plaintiffs suggest that this is a neutral factor in this analysis.

## V. EQUITABLE REMAND PURSUANT TO 28 U.S.C.S. §1452

Under §1452(b) the Court may remand a removed cause of action "on any equitable ground." This standard for remand is a broad grant of authority that leaves the issues regarding whether remand is appropriate to the discretion of the bankruptcy court. See Grace Community, supra, at *9. In determining whether an equitable ground for remand exists, many courts have used a seven part test. The seven factors relied upon by courts to determine if the equities weigh in favor of remand are :

1. The effect on the efficient administration of the bankruptcy estate;

2. The extent to which issues of state law predominate;

3. The difficulty or unsettled nature of applicable state law;

4. Comity;

5. The degree of remoteness or relatedness of the proceeding to the main bankruptcy case;

    6.    The existence of the right to a jury trial;

    7.    Prejudice to the involuntarily removed defendants.

In re: RBGSC Investment Corp., 253 BR 269, 381-82 (E.D. Pa. 2000); Shubert v. Roche Holding AG, 157 F. Supp. 2d 542 (E.D. Pa. 2001).

With the exception of factor 7, all of these factors have been discussed above in the context of abstention and will not be repeated here.  Plaintiffs suggest that the final factor involving prejudice to the involuntarily removed Defendants should have a neutral impact on the issue of remand.  However, removal would deny the non-bankrupt Plaintiffs their choice of forum.  See CCI-Bowers Co., 1992 U.S. Dist. LEXIS 9206 (E.D. Pa. 1992).

With regard to equitable remand, the reasoning in Rota v. Swindler, 199 U.S. Dist. LEXIS 1352 (E.D. Pa. 1992) is persuasive.  In Rota, a developer filed a state court action for fraud, negligent misrepresentation and negligence in the sale of real estate against the realtors, the attorney and the title company.  The plaintiff then filed a petition for bankruptcy and removed the case to bankruptcy court.  Defendants then moved to withdraw the reference of the case to the bankruptcy court by the district court.  The district court granted said motion and then remanded the case sua sponte to the Philadelphia Court of Common Pleas.  The Court reasoned that since the claims were so purely grounded in state law and since several of the factors found in 28 U.S. C. §1334 (c ) (2) were present, remand was appropriate under "equitable grounds". Rota, supra, at *5-7.

## VI.    CONCLUSION

The removal of this matter is premature and untimely given the fact that no initial pleading setting forth the causes of action has been filed.

      The claims which will be contained in the Complaint when it is filed involve only questions of state law. There is no basis for federal diversity jurisdiction. The case can be handled in an efficient and expeditious manner in state court. Plaintiffs respectfully submit that the principles of federalism and respect for state sovereignty lead to the conclusion that remand is appropriate in this matter.

                                        Respectfully submitted,

                                        Yannacone & Baldo

                                        _____
                                        FRANCIS E. BALDO, JR., ESQUIRE
                                        Attorney I.D. No. 37306
                                        The Office Court at Pennell Place
                                        1215 W. Baltimore Pike, Suite 2
                                        Media, Pa  19063
                                        (610) 565-9500

                                        Attorney for Plaintiffs

Dated: June 21, 2002