**CRAWFORD, WILSON & RYAN, LLC**
By: Michael O'Hayer, Esquire        **Attorney for Defendant**
Attorney I.D. No. 49774             **Architectural Alliance, Inc.**
220 West Gay Street
West Chester, PA 19380
610/836-3000

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMINGTON HOSPITALITY, LLC, | : |
| JOSEPH CAPANO, INC., | : |
| HODEV, INC., | : |
| JOSEPH CAPANO, and | : |
| ALBERT VIETRI | : |
| Plaintiffs | : |
| v | : NO. 02-3228 |
| | : |
| ARCHITECTURAL ALLIANCE, INC. | : |
| DESIGN COLLABORATIVE, INC., and | : |
| LANDMARK ENGINEERING, INC. | : |
| Defendants | : |

### BRIEF OF DEFENDANT ARCHITECTURAL ALLIANCE
### IN OPPOSITION TO PLAINTIFFS MOTION FOR REMAND AND ABSTENTION

**I.   Factual and Procedural History**

Plaintiff Wilmington Hospitality, LLC, a Pennsylvania Corporation, is the owner and developer of a proposed Radisson Hotel located in New Castle County, Delaware. Wilmington Hospitality, LLC ("Wilmington Hospitality") is a closely held corporation under the management of plaintiff Joseph Capano, one of its principals. Joseph Capano is also the president of Joseph L. Capano, Inc. and Hodev, Inc. Plaintiff Albert Vietri is another principal in Wilmington Hospitality.

Desiring to develop the hotel site, Wilmington Hospitality retained a number of design professionals to design and assist in the construction of the project. A "record plan" for the hotel was filed with the New Castle County Commissioners at one point.

Thereafter, the Radisson Hotel was built in dimensions exceeding those established by the record plan. New Castle County Commissioners have since refused to issue a certificate of occupancy for the Radisson Hotel to plaintiffs, citing the discrepancy between the record plan and the hotel as it was built.

Wilmington Hospitality filed for bankruptcy protection pursuant to Chapter 11 of Bankruptcy Code on or about June 29, 2001. The case is presently pending before the Honorable Diane Sigmund, Bankruptcy Judge for the Eastern District of Pennsylvania, at No. 01-19401DWS. Upon application of bankruptcy counsel of the debtor, the Bankruptcy Court issued an order allowing for the appointment of Francis E. Baldo, Esquire, as special counsel to allow the debtor to prosecute a civil action against certain design professionals believed by the debtor (and presumably by the other plaintiffs), to be responsible for the discrepancy between the hotel as depicted on the record plan, and the hotel as it was built. On May 3, 2002, a suit was commenced against defendants in the Delaware County Court of Common Pleas at Civil Action No. 02-5646.

The action was commenced pursuant to Writ of Summons. Such a filing constitutes notice of the pendency of an action. All parties to this action are, and have long been, well apprised of the nature and basis of the claims sought to be asserted by the filing in Delaware County Court of Common Pleas. If any question remained concerning the gravamen of the claims being asserted, such questions were answered by the mailing, by counsel for plaintiffs, of a demand letter dated May 14, 2002, setting forth the basis for each plaintiffs' claim. A true and correct copy of said demand letter as sent to defendant Architectural Alliance was attached to Architectural Alliance, Inc.'s answer to the currently pending Motion for Remand and Abstention.

Plaintiffs choice of forum, in Delaware County, Pennsylvania, is difficult to reconcile with any of the facts giving rise to this cause of action, or the locations of the parties. Though some of the corporate plaintiffs are organized and existing under Pennsylvania law, none have principal places of business in Pennsylvania. The corporate plaintiffs' offices are located in the State of Delaware and not in Delaware County, Pennsylvania. All individual plaintiffs reside in Delaware. All of the operative facts giving rise to this litigation occurred in the State of Delaware. None of the defendants maintain offices or principal places of business in Delaware County, Pennsylvania. In fact, the only relationship between Delaware County, Pennsylvania, and any of the parties to this litigation appears to be that Mr. Baldo, special counsel for the debtor, maintains offices across the street from the courthouse in Media, Pennsylvania.

In March of 2001, approximately three months before the filing of the pending Chapter 11 case, defendant Landmark Engineering commenced a Mechanics Lien action against plaintiff Wilmington Hospitality in the Superior Court for the State of Delaware, New Castle County, at caption number CA-01C-03-017-HLA. That Mechanics Lien action, seeking recovery in the principal amount of $45,955.99 asserts a lien against the Radisson Hotel project arising from the design services rendered by Landmark Engineering. Said lien claim also constitutes a claim by Landmark Engineering in the bankruptcy matter pending before Judge Sigmund.

Defendant, Architectural Alliance, believing plaintiffs' filing of the matter in Delaware County Pennsylvania, to be nothing more than forum shopping, has removed this action to this Court pursuant to 28 U.S.C. §1342. Defendant Architectural Alliance contends that removal is appropriate, and remand or abstention should be denied, insofar

as resolution of this matter will have a direct and immediate impact upon the administration of the Chapter 11 Estate, that the pendency of Landmark Engineering's Mechanics Lien claim indicates that this is a "core" proceeding (it is reasonably to be anticipated that Landmark Engineering will assert its Mechanics Lien claim as a counterclaim in this pending Civil Action) requiring the exercise of special expertise by either a U.S. District Judge (or perhaps more appropriately a Bankruptcy Court Judge). Defendant Architectural Alliance, Inc. accordingly submits this brief in support of its contentions in that regard.

## II. Argument

Plaintiffs advances a welter of distinct, and contradictory, arguments in support of the Motion for Remand and Abstention. First plaintiffs contend that removal is untimely because plaintiffs have yet to file a complaint. See plaintiffs' Memorandum, Page 2. Plaintiffs contend that this Court is unable to determine whether the currently pending Civil Action is "related to" the also currently pending bankruptcy because a complaint has not yet been filed. Plaintiff makes this argument, however, in spite of the argument contained at Page 5 of plaintiff's Memorandum stating "the proceeding is related to a case under Title 11". In short, plaintiffs have, themselves, admitted that this civil action is "related to" the Bankruptcy Court matter, eliminating any concern that it is not.

Moreover, plaintiff selectively quotes the Court to the provisions in the removal statute, omitting reference to the provisions which allow for removal under the circumstances of this case. Specifically, 28 U.S.C. §1446(b) states as follows:

> If the case stated by the initial pleading is not removable, a
> notice of removal may be filed within thirty days after receipt
> by the defendant, through service, or otherwise, of a copy of

> an amended pleading, motion, order, or other paper, from which it may first be ascertained that the case is one which is or has become removable.

In this case, defendant received a demand letter from plaintiff, constituting a paper, clearly apprising the defendant of the case's close relation to the Bankruptcy Court filing. That paper constitutes sufficient notice to allow the defendant to ascertain that the case is removable. In short, plaintiff cannot have it both ways. By commencing this action by Writ of Summons, plaintiffs put the defendants in the dilemma of either seeking removal now, or waiting for the filing of a complaint. If defendants awaited the filing of a complaint, would it lie in plaintiffs' mouths to complain that the thirty-day deadline had expired for failure to remove immediately after the filing of writ of summons? In short, since defendants were apprised of sufficient facts to determine that this case is Bankruptcy related, removal was not, therefore, premature.

Plaintiffs' motion for abstention contends that this is a non core proceeding, as the rights sought to be prosecuted by plaintiffs arise under state law. Even so, plaintiffs concede, as they must, that difficult and thorny questions on the application of the Statute of Limitations will necessarily require any adjudicating court to apply Section 108 of the Bankruptcy Code. Moreover, defendant Landmark Engineering has asserted a Mechanics Lien for the professional services rendered by it. That Mechanics Lien action, filed pre-petition, in the Superior Court of New Castle County Delaware, renders this case a core proceeding pursuant to 28 U.S.C. §157(b)(2). §157(b)(2) contains an enumeration of claims and causes of actions considered to be core proceedings. Included among such claims and causes of actions are: "proceedings to determine the allowance or disallowance of claims against the estate", **(B)**; determinations as to the dischargability of

particular debts, **(I)**; and, determinations of the validity, extent, or priority of liens **(K).** Since the determination of the validity of the mechanics lien asserted by Landmark Engineering constitutes a core proceeding, there can be no basis for either mandatory or discretionary abstention.

That leaves, finally, whether any equitable basis for the remand exists. Plaintiffs' brief adequately outlines the seven part test employed to assess whether remand for equitable grounds should be made. See, <u>Grace Community, Inc., v. KPMG Peat Marwick</u>, 262 B.R. 625 (Bankr. E.D. Pa. 2001) Under such equitable balancing, the court is to examine, first, the effect of remand on the efficient administration of the bankruptcy estate. This factor weighs against remand, as this action, which plaintiffs doubtless hope will produce great revenues for use by the bankrupt estate, can be tried more quickly and efficiently in this court, either by a District Judge, or more preferably a Bankruptcy Judge,[1] than it can be tried in Delaware County. This court simply has a smaller backlog.

Efficient trial of this case is actually fostered by the fact that this court is capable of issuing compulsory process within a 90 mile radius, including much if not all of the State of Delaware, where all of the witnesses are located and the acts giving rise to the claimed causes of action took place. Compulsory process issued by the Delaware County Court of Common Pleas does not extend into the State of Delaware, absent special

---

[1] Plaintiffs' brief makes much of an alleged need for this case to be tried by a District Judge as Plaintiffs have demanded a jury trial and "there is no indication removing defendant would consent to a jury trial in bankruptcy court." See, Plaintiffs' brief, p. 11. This contention is entirely without merit. At no time has counsel for plaintiffs inquired of counsel for removing defendants on this point, and at no place in the procedure for removal is it required that a removing defendant indicate its position on the jury trial by bankruptcy judge issue. Defendant Architectural Alliance, Inc., hereby certifies that it has no objection to a jury trial conducted by a bankruptcy judge.

procedures which would be cumbersome and expensive.

The next issue concerns the degree to which issues of state laws predominate. While Plaintiffs' assert that they will allege garden variety state law claims, the fact remains that such claims will necessarily implicate issues of Delaware State Law, as that is the state where all actions surrounding this controversy took place. It is respectfully submitted that this court is better suited to adjudicate a dispute under Delaware law than the Delaware County, Pennsylvania, Court of Common Pleas. Moreover as the impact upon this dispute of Landmark Engineering's mechanic's lien claim is a matter requiring special bankruptcy expertise, and the negligence claims asserted by plaintiffs are not particularly complex, it is submitted that federal issues predominate. This conclusion is made all the more sure when it is considered that all defendants will be asserting Statute of Limitations defenses, which defenses will have to be assessed against the special provisions of the bankruptcy code. Plaintiffs concede as much. See plaintiffs' brief, page 10.

The next issue, concerning the difficulty or unsettled nature of state law, does not impact upon the analysis. Plaintiffs assert that this factor weighs in favor of remand as the state courts are capable of handling the issues in this case. It is submitted that plaintiffs' characterization of this issue is incorrect. Consideration of this factor requires the court to determine if difficult or unsettled issues of state law counsel in favor of allowing state courts resolve their less than clear legal issues. Since the issues presented here are relatively routine, this court is quite capable of properly adjudicating such issues, and the special expertise of a state court is not required. Moreover, since the remand

requested is to a state court in Pennsylvania, which will be required to apply Delaware law, to the extent difficult issues of Delaware law exist, the presence of such issues argues in favor of denying remand.

The next factor, comity with state courts, does not influence the decision. There is no related pending case in the Pennsylvania state court system, so deference to this court's sister courts in Pennsylvania simply is not implicated. There are no federalism issues presented.

The next factor, relatedness to the bankruptcy case, has already been addressed. Since this case is a core dispute, this is a matter highly related to the bankruptcy case. The next factor, jury trial rights, is neutral, as both the Pennsylvania courts and this court are capable of handling jury trials, and removing defendant has stipulated to jury trial in the bankruptcy court. Regarding the final factor, prejudice to the non-removing defendants, it is submitted that a remand will be prejudicial to defendant Landmark engineering, as that party will be required to litigate the propriety, priority, and amount of its mechanics lien claim in three courts (Superior Court of Delaware, Common Pleas Court in Pennsylvania, U.S. Bankruptcy Court) if remand is allowed, exposing that party to inconsistent results and increased litigation costs. This factor weighs against remand.

For all the foregoing reasons, it is respectfully requested that the court deny the currently pending motion.

                                                CRAWFORD, WILSON & RYAN, LLC

By: _____
MICHAEL O'HAYER, ESQUIRE
Attorney for Defendant
Architectural Alliance, Inc.